IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID H. MCDOWELL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 11-3306-CV-S-RED |
| TANKINETICS, INC, et al., | ) |
| Defendants. | ) |

### ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint or in the alternative Motion for Summary Judgment (Doc. 20). Defendants Tankinetics, Inc. ("Tankinetics"), William K. Angle, Strand Composite Engineering & Construction, LLC ("Strand"), St. Clair P. Guess, III, William F. Schwarz, and Robert W. McManus ("Defendants") move for the dismissal of Plaintiff David H. McDowell's ("Plaintiff) First Amended Complaint (Doc. 12) in its entirety.

### INTRODUCTION

Plaintiff filed this case against Defendants seeking to recover for Defendants' actions in allegedly demoting him, a 77 year-old individual, from his position as vice-president of engineering at Strand and replacing him with a 41 year-old individual. Plaintiff was originally hired by Tankinetics on May 14, 2009, as a director of engineering, and was promoted to the position of vice-president of engineering at Strand on January 4, 2010. Plaintiff was demoted on July 29, 2010 and the 41 year-old individual was hired for Plaintiff's old position on September 13, 2010. As a result, Plaintiff has asserted claims against Defendants for age discrimination under the Age Discrimination in Employment Act ("ADEA") (Count I), age discrimination under the Missouri Human Rights Act ("MHRA") (Count II), and mental anguish (Count III).

Defendants have now moved to dismiss all claims and they first argue that the First Amended Complaint must be dismissed because personal jurisdiction cannot be asserted over any defendant in Missouri. Defendants also seek the dismissal of all three claims for additional reasons, but because the Court agrees that personal jurisdiction is lacking, it is without authority to address the merits of the case.

## DISCUSSION

With respect to the issue of personal jurisdiction, the Court notes that Plaintiff has the burden of proof in order to show that personal jurisdiction exists over the defendants in this case. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 592 (8th Cir. 2011). There are two types of personal jurisdiction, specific jurisdiction and general jurisdiction. *Id*. at 593. "General jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose, while specific jurisdiction requires that the cause of action arise from or relate to a defendant's actions within the forum state." *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (internal citation and quotations omitted).

Before analyzing specific and general jurisdiction, the Court first notes that the individuals named as defendants in this case should be dismissed because Plaintiff does not set forth any legitimate basis for establishing personal jurisdiction over these defendants. When an employee of a corporation is sued, personal jurisdiction can only be asserted over the employee based on the employee's contacts with the forum state and not the contacts of the corporation. *See Balance Dynamics Corp. v. Schmitt Indus., Inc.*, 204 F.3d 683, 698 (6th Cir. 2000) (noting that jurisdiction over officers of a corporation cannot be based on whether there is jurisdiction over the corporation); *Calder v. Jones*, 465 U.S. 783, 790 (1984) (noting that "[e]ach defendant's contacts with the forum State must be assessed individually"). In this particular case, Defendants point out that Plaintiff has

2

not set forth any facts showing that the individuals named as defendants have any contacts with the state of Missouri. These defendants all reside outside the state of Missouri,[1] and Plaintiff has incorrectly stated, in his First Amended Complaint, that the Court has jurisdiction over these defendants because they are "officers and agents of Tankinetics, Inc. and Strand Composite Engineering & Construction, LLC." (First Amended Complaint Doc. 12 ¶ 2). Outside of this incorrect statement, Plaintiff does set forth any other facts showing that these individuals have any other contacts with Missouri. As such, William K. Angle, St. Clair P. Guess, III, William F. Schwarz, and Robert W. McManus must be dismissed.

Turning to whether the Court can assert personal jurisdiction over Tankinetics and Strand, with respect to specific jurisdiction, "[i]n Missouri, specific personal jurisdiction is authorized only to the extent that "the [cause of] action arose out of an activity covered by [Missouri's] long-arm statute." *Viasystems, Inc.*, 646 F.3d at 593. The Missouri long-arm statute provides that jurisdiction extends to:

> any cause of action arising from the doing of any of such acts:
>
> (1) The transaction of any business within this state;
> (2) The making of any contract within this state;
> (3) The commission of a tortious act within this state;
> (4) The ownership, use, or possession of any real estate situated in this state;
> (5) The contracting to insure any person, property or risk located within this state at the time of contracting;
> (6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.
> Mo. Rev. Stat. § 506.500.1.[2]

---

[1] Plaintiff also stated that St. Clair P. Guess, III resided in Missouri, but as St. Clair P. Guess, III notes, he has never owned any real estate or any other property in Missouri and he resides in South Carolina. In fact, counsel for Plaintiff mailed a copy of Plaintiff's Complaint and Summons to St. Clair P. Guess, III's residence in South Carolina. Plaintiff attaches no other evidence to show that this defendant resides in Missouri.

[2] Plaintiff argues that subsection (4) applies, which states that jurisdiction may be asserted for a cause of action arising out of "[t]he ownership, use, or possession of any real estate situated

Tankinetics and Strand argue that none of the provisions in the long-arm statute apply because Plaintiff's cause of action does not arise from the acts specified in subsections (1)-(6). Tankinetics and Strand note that they are both Arkansas corporations and their principle place of business is in Arkansas. They further note that when Plaintiff was hired at Tankinetics, he was hired to work at its business office in Arkansas where he was required to report to work, and he was also required to report and work at Strand's business office as well. Both companies requested Plaintiff reside in Arkansas while employed with them and Plaintiff was reimbursed for a "non-refundable apartment deposit in Harrison, Arkansas." (Schwarz Affidavit Doc. 21-8 ¶ 12). Importantly, Tankinetics and Strand highlight the fact that "[a]ll employment decisions relating to McDowell were reviewed, considered, decided, and made in the State of Arkansas at [Tankinetics and Strand's] business office[s]." (Defendants' Suggestions in Support Doc. 21 ¶ 43). No employment decisions concerning Plaintiff were made in Missouri. *Id.*

In response, Plaintiff notes that he has "reviewed, signed, sealed, and stamped engineering drawings for [his] employers at [his] residence [in Missouri] since July 30, 2010." (Plaintiff's Affidavit Doc. 22-1 ¶ 3). Notably, July 30, 2010 is the day after he was demoted from his position as the vice-president of engineering at Strand. Plaintiff also sets forth other exchanges between himself and employees of Tankinetics that took place while Plaintiff was in Missouri, and these acts all occurred after Plaintiff was demoted on July 29, 2010. These facts relate to Plaintiff receiving

---

in this state." § 506.500.1(4). Related to this subsection is the fact that Strand recently began leasing a condominium in Branson, Missouri, beginning on April 1, 2011. Strand leases the condominium in order to provide "overnight accommodations to Strand employees ... who live outside of the Harrison, Arkansas area (where Strand is located) and who need overnight accommodations when traveling to the Arkansas business office for work." (St. Clair P. Guess, III Affidavit Doc. 21-2 ¶ 27). It is clear that this cannot serve as a basis for asserting specific personal jurisdiction over Tankinetics and Strand, as it not an 'act' from which Plaintiff's cause of action arises. It is also worth noting that Plaintiff was originally demoted on July 29, 2010 and the new individual was hired to replace him on January 4, 2010, well before Strand began leasing a condominium in Missouri.

4

or sending engineering drawings and other items through the mail while working for the companies and employees for the companies traveling to his home in Missouri on occasion.

Tankinetics and Strand attack the facts set forth by Plaintiff on two grounds. First, they argue that the facts subsequent to his demotion have absolutely nothing to do with his claims relating to his demotion and therefore do not fall under the Missouri long-arm statute. Second, they argue that Plaintiff's decision to live in Missouri and work from home was his personal choice and the facts related to his personal decision are insufficient to satisfy the minimum contacts required for due process.

The Court agrees with Tankinetics and Strand's position that specific personal jurisdiction cannot be asserted over them in Missouri. First, it is clear that every single fact Plaintiff sets forth, which all relate to his working from his home in Missouri, do not give rise to his claims concerning age discrimination. This conclusion is further supported by the fact that the only subsections Plaintiff refers to in the Missouri long-arm statute are the subsection dealing with owning, using or possessing real estate in Missouri and the subsection dealing with transacting business within Missouri. However, Plaintiff is not asserting any claim on behalf of the alleged transactions between the parties or any claim on behalf of Tankinetics and Strand leasing a condominium in Missouri. Rather, Plaintiff is incorrectly relying on the fact that these acts by Tankinetics and Strand exist in Missouri and can provide for jurisdiction under the long-arm statute (in appropriate cases). Therefore, under the clear wording of § 506.500.3, which states that "[o]nly causes of action arising from acts enumerated in this [long-arm statute] may be asserted against a defendant in an action in which jurisdiction over him is based upon this [statute]," Plaintiff has not met his burden in demonstrating that the Missouri long-arm statute confers specific personal jurisdiction over Tankinetics and Strand.

Moreover, the Court also agrees with Tankinetics and Strand's position that there are not

Case 6:11-cv-03306-RED   Document 27   Filed 03/08/12   Page 5 of 9

sufficient minium contacts allowing for the assertion of personal jurisdiction over them, either general or specific. In order to assert either general or specific jurisdiction over a defendant, the defendant must have sufficient minimum contacts with the forum state in order to satisfy due process. *Wells Dairy*, 607 F.3d at 518. The contacts are evaluated based on "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contracts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Id.* (internal citation and quotations omitted). However, it is the third factor that largely distinguishes specific from general jurisdiction. *Id.* Finally, it should be noted that "general jurisdiction over a defendant is subject to a higher due-process threshold," because it would allow for assertion of jurisdiction over a defendant that is unrelated to the plaintiff's cause of action. *Viasystems, Inc.*, 646 F.3d at 595.

  Aside from the fact that the only contacts Tankinetics and Strand have with Missouri do not arise out of Plaintiff's cause of action, every single fact alleged by Plaintiff, except for the companies leasing a condominium in Missouri, came about because Plaintiff chose to work from his home in Missouri after he was demoted. The Eighth Circuit has recognized that "unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 820 n.2 (8th Cir. 1994) (internal citation and quotations omitted). *See also Cafesjian v. Armenian Assembly of Am., Inc.*, Civ. No. 07-2079 (JNE/JJG), 2008 WL 906194, at *10 (D. Minn. Mar. 31, 2008) ( noting that "[a]n agent's decision to work from home in the forum state generally does not bind an entity to personal jurisdiction in that state where the purpose of the arrangement is merely for the agent's personal convenience" and citing cases supporting this proposition); *Adams v. Riverview Healthcare Ass'n*, No. A3-02-135, 2003 WL 1456442, at *3 (D.N.D. Mar. 17, 2003) (noting that the plaintiff's choice of working out of his home was a unilateral activity and could not be used to assert personal

6

jurisdiction over the defendant corporation). What is readily apparent is that both Tankinetics and Strand are Arkansas corporations that do not transact any business whatsoever in Missouri and are not licensed to do business in this state. Their only connection to Missouri is through leasing a condominium in this state and having an employee who chooses to work from home in Missouri, even though the companies clearly preferred that Plaintiff live and work in Arkansas. As such, the only contact that arises out of the companies' choosing is that they lease a condominium in Missouri wherein they do not transact or otherwise operate any business. As such, this Court cannot assert personal jurisdiction over the companies because their contacts with Missouri are insufficient.

It is also clear that when the other factors used to analyze a defendant's contacts are considered, namely the interest of the forum state and the convenience of the parties, asserting personal jurisdiction over Defendants is inappropriate. It would be more convenient for the multiple defendants in this case, most of which are citizens of Arkansas, to litigate this action in Arkansas. Missouri also likely does not have a strong interest in this action where Tankinetics and Strand did not harm Plaintiff in this state and where the companies do not have strong ties to Missouri.

However, in Plaintiff's final attempt to keep his case in Missouri, he raises the argument that Defendants have waived their right to assert their personal jurisdiction challenge because they did not refer to their personal jurisdiction defense in their notice of removal, and only referred to Rule 12(b)(6) of the Federal Rules of Civil Procedure in their original Motion to Dismiss (Doc. 3)[3] without referencing Rule 12(b)(2), which governs a challenge to personal jurisdiction. Plaintiff cites to *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377 (1922) for the proposition that a

---

[3] Defendants' originally filed their Motion to Dismiss Plaintiff's Petition Alleging Discrimination Under MHRA (Doc. 3) and Plaintiff subsequently amended his Complaint to assert an additional claim and to add additional factual allegations. The Court allowed Defendants to withdraw their original Motion to Dismiss and file an amended Motion to Dismiss, which is currently pending before this Court.

7

personal jurisdiction defense must be set forth in a notice of removal or it is waived, but Lambert does not set forth this proposition. Additionally, requiring a defendant to include all potential defenses in a notice of removal or considering defenses not included to be waived would appear to run counter to Rule 12. Under Rule 12, a defense is only waived if it is not included in a responsive pleading or set forth in a motion to dismiss. Rule 12(h)(1)(B)(i)-(ii). However, despite the clear discussion of waiver of a defense under Rule 12, Defendants covered all bases by specifically indicating in their Notice of Removal (Doc. 1) that they did not intend to waive personal jurisdiction by removing this case to federal court. Therefore, Plaintiff's first argument is without merit.

With respect to Plaintiff's final argument, namely that the original Motion to Dismiss does not specifically refer to dismissal under Rule 12(b)(2), the Court again rejects this proposition. A review of Defendants' supporting suggestions to the original Motion to Dismiss shows that Defendants fully raised and briefed their personal jurisdiction defense. *See* (Defendants' Suggestions in Support Doc. 4 p. 11-14). Furthermore, the Motion to Dismiss itself specifically incorporates Defendants' Suggestions in Support, which contained their personal jurisdiction defense. As such it is clear that Defendants did not waive their right to assert their personal jurisdiction defense.

Finally, the Court must determine whether the dismissal should be with prejudice and whether costs and attorney's fees should be awarded, as Defendants make these requests. After careful consideration, the Court finds that it would be improper to dismiss this case with prejudice, as it is without jurisdiction to decide the merits of the case and additionally, if Plaintiff files his case in Arkansas, he may be entitled to relief under Arkansas law. With respect to the request for costs and attorney's fees, the Court considers the precedent of *Webber v. Michela*, 633 F.2d 518, 519 (8th Cir. 1980), wherein the Eight Circuit found that an award of attorneys' fees and costs were inappropriate where the case was dismissed for lack of personal jurisdiction, and the circumstances

of this case and finds that an award of costs and attorney's fees would not be appropriate.

## CONCLUSION

For the reasons above, the Motion to Dismiss Plaintiff's First Amended Complaint or in the alternative Motion for Summary Judgment (Doc. 20) is **GRANTED IN PART** and **DENIED IN PART**, and the above-captioned matter is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction over the Defendants. Defendants' request for attorney's fees and costs is **DENIED** and the Motion to Stay Discovery (Doc. 26) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED: March 8, 2012      */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT